UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-1684

ARLETTE LYDVINE JINDJOU,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.  (A97-634-737)

Submitted:  February 22, 2006      Decided:  March 17, 2006

Before LUTTIG, TRAXLER, and DUNCAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Danielle Beach-Oswald, NOTO & OSWALD, P.C., Washington, D.C., for
Petitioner.  Paul J. McNulty, United States Attorney, Robert K.
Coulter, Assistant United States Attorney, Alexandria, Virginia,
for Respondent.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Arlette Lydvine Jindjou, a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals (Board) affirming, without opinion, the immigration judge's denial of her applications for asylum, withholding of removal, and protection under the Convention Against Torture. Because the Board affirmed under its streamlined process, see 8 C.F.R. § 1003.1(e)(4) (2005), the immigration judge's decision is the final agency determination. See Camara v. Ashcroft, 378 F.3d 361, 366 (4th Cir. 2004).

Jindjou challenges the immigration judge's finding that her testimony was not credible, and that she otherwise failed to meet her burden of proof to qualify for asylum. We will reverse this decision only if the evidence "was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution." Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (quotation marks and citations omitted). Credibility determinations of the immigration judge and the Board are entitled to deference as long as they are supported by substantial evidence. See Figeroa v. INS, 886 F.2d 76, 78 (4th Cir 1999).

We have reviewed the administrative record and the immigration judge's decision and find that substantial evidence supports the conclusion that Jindjou failed to establish past persecution or the well-founded fear of future persecution

- 2 -

necessary to establish eligibility for asylum. <u>See</u> 8 C.F.R. § 1208.13(a) (2005) (stating that the burden of proof is on the alien to establish eligibility for asylum); <u>INS v. Elias-Zacarias</u>, 502 U.S. 478, 483 (1992) (same). Moreover, because Jindjou cannot sustain her burden on the asylum claim, she cannot establish her entitlement to withholding of removal. <u>See</u> <u>Camara</u>, 378 F.3d at 367 ("Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3).").

We also find that substantial evidence supports the immigration judge's finding, as affirmed by the Board, that Jindjou fails to meet the standard for relief under the Convention Against Torture. To obtain such relief, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2005). Jindjou failed to make the requisite showing before the immigration judge.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

- 3 -